IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **Jordan Mitchelmore**, <br><br> Plaintiff, <br><br> v. <br><br> **Specialized Collection Systems, Inc.**, <br><br> Defendant | CASE NO. 4:25-cv-03643 <br><br> JURY TRIAL DEMANDED <br><br> CLASS ACTION COMPLAINT |

## INTRODUCTION

1. The Telephone Consumer Protection Act (TCPA) prohibits prerecorded calls without consent. 47 U.S.C. § 227(b).

2. Specialized Collection Systems, Inc. (SCS) has violated the TCPA by calling Mitchelmore, and thousands of others like him, with prerecorded debt collection calls.

3. But Mitchelmore has no debt, nor account, with SCS.

4. Rather, SCS regularly robocalls the wrong person because phone numbers are frequently disconnected and reassigned to new consumers.

5. The FCC explained that "unwanted calls to reassigned numbers are a significant problem" and "a nuisance to those who receive them." *In re Advanced Methods to Target & Eliminate Unlawful Robocalls*, 33 FCC Rcd 12024, 12027 (F.C.C. December 13, 2018).

6. In 2018, the FCC solved this problem by creating the Reassigned Number Database (RND), a tool that lets callers check whether a phone number has been disconnected. *Id*.

7. If SCS had used the RND, it would have learned that 832-588-6427—Mitchelmore's number—had been disconnected and not to call.

8. The TCPA even provides an affirmative defense for those who check the RND but mistakenly call the wrong person. 47 C.F.R. § 64.1200(m).

9. SCS did not bother.

1

10. Instead, SCS chose robocalls over responsibility—ignoring a simple fix and flooding consumers with illegal calls.

11. SCS's conduct is not only unlawful, it is inexcusable.

12. To stop SCS's illegal calls, Mitchelmore brings this putative class action.

## JURISDICTION AND VENUE

13. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the TCPA, 47 U.S.C. § 227.

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a significant portion of the events giving rise to this lawsuit occurred in this district.

15. This Court has personal jurisdiction over SCS because SCS knew that its calls were targeted at, and likely to be received in, Texas. Mitchelmore's phone number starts with 832, which is an area code for Houston, Texas. Also, SCS was attempting to reach someone by the name of J*** H***, which online directories show has a Texas address. SCS almost certainly had a Texas address on file for the person it was trying to reach.

## PARTIES

16. Jordan Mitchelmore is a resident of Texas, residing in Missouri City, Texas.

17. Specialized Collection Services, Inc. is a Texas corporation headquartered in Houston.

## FACTUAL ALLEGATIONS

18. Mitchelmore is the subscriber and sole user of the cellular number 832-588-6427.

19. In the last year, SCS has called 832-588-6427.

20. On January 2, 2025, at 5:00 PM UTC, SCS called 832-588-6427.

21. And on March 10, 2025, at 3:56 PM UTC, SCS called 832-588-6427.

22. Both these calls came from 844-304-3801.

23. On these calls, SCS played a recorded message or audio file.[1]

---

[1] The January 2 call is accessible here. The March 10 call is accessible here.

24. On January 2, the recorded message or audio file said, "Hello, this is SCS Incorporated with a message. Please visit us online at www.scscollects.com/patient or call us at 844-304-3801. Thank you and have a nice day. Please listen for a reference number: 24311085."

25. On March 10, the recorded message or audio file said, "Hello, this is SCS Incorporated with a message. This message is from a debt collector. Please visit us online at www.scscollects.com/patient or call us at 844-304-3801. Thank you and have a nice day. Please listen for a reference number: 243111085."

26. On both calls, it clearly was not a live or real person speaking. When saying the reference number, the voice was robotic and completely different sounding from the rest of the message.

27. Further, on March 10, the message started playing well before Mitchelmore's greeting was complete. This is not something a live person would do. A live person would wait for the consumer to finish his greeting.

28. Mitchelmore never provided his phone number to SCS, never had a relationship with SCS, and never gave permission for SCS to send any type of communication.

29. SCS's calls to Mitchelmore did not have an emergency purpose.

30. SCS's prerecorded calls are a nuisance and annoyance to Mitchelmore. The calls have invaded his privacy and home.

## THE REASSIGNED NUMBER DATABASE

31. SCS was attempting to reach J.H.—the prior user of the phone number 832-588-6427—to collect a debt.

32. But 832-588-6427 had been disconnected and reassigned to Mitchelmore.

33. In 2018, the FCC solved this problem when it authorized the creation of the RND. *See generally In re Advanced Methods to Target & Eliminate Unlawful Robocalls*, 33 FCC Rcd 12024 (F.C.C. December 13, 2018).

3

34. The RND is a comprehensive database of all phone numbers that have been disconnected since January 27, 2021. *Frequently Asked Questions*, reassigned.us/resources/faq, last accessed July 17, 2025.

35. Each month, all phone carriers report to the RND its disconnected numbers. *Id*.

36. The RND currently has over 361 million disconnected numbers. *Id*.

37. Before making calls, SCS can query the RND to see if any particular number has been disconnected since January 27, 2021. *Id*.

38. Had SCS queried the RND, it would have known not to call 832-588-6427.

39. On the site www.Reassigned.us, after creating an account, companies see this input:



40. There are two data inputs: a phone number and a date.

41. The phone number is the number to be checked.

42. The date is when the company received the number from the consumer.

43. Assume, for example, SCS obtained the number 832-588-6427 from J.H. on January 1, 2023.

44. Before calling, SCS could run this query:



45. That query returns this result:

| Telephone Number | Date Provided | Response |
|---|---|---|
| 8325886427 | 01/01/2023 | yes |

46. The "yes" response indicates that 832-588-6427 has been disconnected sometime between January 1, 2023, and the date of the query (which in this example was July 17, 2025). Because the number has been disconnected, SCS should not make any prerecorded calls.

47. Alternatively, assume SCS obtained the number 832-588-6427 from J.H. on July 1, 2023. That query returns this result:

| Telephone Number | Date Provided | Response |
|---|---|---|
| 8325886427 | 07/01/2023 | no |

48. The "no" response indicates the number 832-588-6427 has not been disconnected anytime between July 1, 2023, and the date of the query (which in this example was July 17, 2025). Because the number has not been disconnected, SCS can safely call.

49. This RND query can be done manually on the RND website or coded to run programmatically within SCS's existing system.

50. It is that simple. There is nothing more SCS needed to do.

51. SCS did not check the RND before calling 832-588-6427.

52. Had SCS checked the RND before calling 832-588-6427, it would have known not to call 832-588-6427.

## CLASS ACTION ALLEGATIONS

53. Pursuant to Federal Rule of Civil Procedure 23(b)(3), Mitchelmore brings this action on behalf of all other persons similarly situated throughout the United States.

54. Mitchelmore proposes the following class:

> **The Prerecorded Voice Class**
> All persons in the United States (1) to whom SCS initiated, or caused to be initiated, a call (2) directed to a telephone number assigned to a cellular telephone service, but not assigned to a customer or account holder of SCS, (3) in connection with which SCS used, or caused to be used, an artificial or prerecorded voice, (4) within the four years from the filing of this action through the date of class certification.

55. The class likely exceeds 10,000 members.

56. As a result, joinder is impracticable.

57. On information and belief, last year SCS made more than one million debt collection calls that played a recorded message or audio file.

58. On information and belief, SCS has records with annotations, notes, codes, or similar designation that indicate SCS called the wrong number or wrong person.

59. On information and belief, in the last four years, SCS has made calls that played a recorded message or audio file to people who told SCS—whether before, during, or after the call—that it was calling the wrong person.

60. Questions of law and fact common to the class include whether SCS initiated the calls, whether the calls used a prerecorded or artificial voice, whether the calls were to cellular telephones, whether SCS checked the RND before calling, and whether SCS had consent to initiate the calls.

61. Mitchelmore's claims are typical of the class because they arise out of the same conduct by SCS (prerecorded calls to non-account holders) and are based on the same legal theory under the TCPA (prerecorded calls without consent).

62. Mitchelmore is an adequate representative because his interests do not conflict with the class, and he will fairly represent the interest of the class. Plaintiff's counsel also has no conflict and is experienced in TCPA class actions.

63. The questions common to the class predominate over individualized questions.

64. A class is superior to individual suits because it saves judicial resources, promotes consistency and efficiency, provides a forum for small claimants, and deters illegal activities. Class members prosecuting separate actions is unlikely because of the time and expense required. Damages are statutory and straightforward. Notice can be provided by mail or other means. There is no difficulty in managing this case as a class.

## FIRST CAUSE OF ACTION
### Illegal Use of a Prerecorded or Artificial Voice
**(On Behalf of Mitchelmore and the Prerecorded Voice Class)**

65. SCS violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating, or causing to be initiated, calls using a prerecorded or artificial voice without prior express consent and without an emergency purpose when calling Mitchelmore and members of the Prerecorded Voice Class.

66. Mitchelmore and members of the Prerecorded Voice Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(b)(3).

67. The court should treble damages for knowing and willful violations. *Id.*

## RELIEF REQUESTED

Mitchelmore respectfully requests the Court grant the following relief:

A. Certification of the proposed class;

B. Appointment of Mitchelmore as class representative;

C. Appointment of The HQ Firm, P.C. as lead counsel for the class;

D. An award of damages to Mitchelmore and class members, as allowed by law;

E. An award of fees, costs, and interest, as allowed by law; and

F. Orders granting such other relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Mitchelmore requests a jury trial as to all claims so triable.

Dated: August 5, 2025

                                               */s/ Karissa Murphy*
                                               Karissa Muphy
                                               Attorney-in-charge
                                               Arizona Bar No. 038383
                                               S.D. Texas Bar No. 3929022
                                               The HQ Firm, P.C.
                                               7533 S. Center View Ct. #4424
                                               West Jordan, UT 84084
                                               385-440-4123 (no fax number)
                                               karissa.murphy@thehqfirm.com